# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA ABSHIRE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-00486-N |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | | |

## ORDER

This action is before the Court on the Plaintiff's Motion to Compel (Doc. 29) and the Defendants' response in opposition (Doc. 32). Upon consideration of the motion and the response, the Court ordered the Defendants to produce to the undersigned for *in camera* inspection the adjuster's claims notes at issue in the motion to compel. (*See* Doc. 33). The Defendants have timely done so and have filed supplemental materials in support of their response. (Doc. 34). After examining the adjuster's claims notes *in camera*, the Court agrees with the Defendants that the notes are protected from disclosure by attorney-client privilege. See Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" (emphasis added)).

This action is before the Court on the basis of diversity. "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. In Alabama, " '[t]he general rule is that an attorney cannot disclose the advice he gave to his client about matters concerning which he was consulted professionally, nor

can the client be required to divulge the advice that his attorney gave him.' " Ex parte Meadowbrook Ins. Grp., Inc., 987 So. 2d 540, 550 (Ala. 2007) (quoting Ex parte Great Am. Surplus Lines Ins. Co., 540 So. 2d 1357, 1358 (Ala. 1989)) (alteration and emphasis added). The Court finds that the adjuster's notes summarize communications between Defendant Sedgwick Claims Management Services, Inc.'s agent and its legal counsel regarding the Plaintiff's worker's compensation claim. Accordingly, it is **ORDERED** that the Plaintiff's Motion to Compel (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** this the 7th day of July 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**